UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 13

Kenya R. Wells,                                     Case No. 11-52852

    Debtor.                                     Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

On May 4, 2011, the Debtor commenced this case by filing a Chapter 13 petition. On September 19, 2011, the Debtor converted the case to Chapter 7. On December 16, 2011, the Debtor filed a motion to convert the case back to Chapter 13. The Chapter 7 trustee and one of the Debtor's creditors each filed an objection to the motion. On December 22, 2011, the Court held a hearing on the motion. For the reasons explained on the record, the Court determined to grant the motion and convert this case back to Chapter 13.

On January 26, 2012, the Chapter 13 trustee filed a motion for reconsideration (docket entry no. 103). The Chapter 13 trustee asserts that the Debtor is prohibited from converting this case to Chapter 13 under § 706(a) of the Bankruptcy Code because the case was previously a Chapter 13 case that was converted to Chapter 7 under § 1307 of the Bankruptcy Code. The Chapter 13 trustee asserts that the parties and the Court made a mistake of law in allowing the Debtor to convert back to Chapter 13. The Court disagrees.

The Court acknowledges that there is a split among the cases as to whether § 706(a) of the Bankruptcy Code allows a debtor to reconvert a case to Chapter 13. One line of cases holds that reconversion to Chapter 13 is prohibited under any circumstances. In re Banks, 252 B.R. 399 (Bankr. E.D. Mich. 2000) subscribes to this view, although the court recognized in that opinion that there is room for disagreement. The Banks court found that the better reading of the statute and legislative history was that "Congress intended to give debtors a one-time right to convert, which is provided for in § 706(a)." Id. at 402. A second line of cases holds that a debtor only loses her "unilateral," "one time," or "absolute right" to convert a case to Chapter 13 if a case was previously converted from Chapter 13 to Chapter 7. See In re Manouchehri, 320 B.R. 880, 883-84 (Bankr. N.D. Ohio 2004) (finding that the policy of encouraging debtors to repay their debts outweighs the danger of delay and expense). This line of cases holds that a debtor seeking to reconvert a case back to Chapter 13 has no absolute right to do so, but instead must file a motion with a notice and opportunity for other parties to be heard on the request to reconvert. See In re Masterson, 141 B.R. 84, 87-88 (Bankr. E.D. Pa. 1992). These cases hold that the court may examine the circumstances of the particular case and exercise discretion in determining whether or not to allow reconversion to Chapter 13.

The Court agrees with those cases holding that a debtor seeking to reconvert a Chapter 7 case to Chapter 13 does not have an absolute right to do so, that right having been lost when the case was converted from Chapter 13 to Chapter 7, but is not prohibited from requesting conversion back to Chapter 13 if the circumstances of the case warrant conversion. All that is

-2-

11-52852-pjs    Doc 108    Filed 02/16/12    Entered 02/16/12 11:56:36    Page 2 of 4

lost by converting from Chapter 13 to Chapter 7 is the unilateral right of a debtor to go back to Chapter 13.

In this case, the Court considered this very issue on the record at the December 22, 2011 hearing. After reviewing the Debtor's circumstances in this case, the Court concluded that the Debtor should be permitted to convert this case back to Chapter 13, and should be permitted an opportunity to pay her debts under a Chapter 13 plan, rather than be forced to remain in Chapter 7. No evidence was brought to the Court's attention to suggest that the Debtor was dishonest or was otherwise acting in bad faith in seeking to reconvert to Chapter 13. Under these facts, the Court did not see any policy that would be served by prohibiting the Debtor from trying to pay her creditors under a Chapter 13 plan.

Local Bankruptcy Rule 9024-1(a)(3) provides that a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. That local rule requires that the moving party demonstrate that there has been a palpable defect by which the Court and the parties have been misled, and demonstrate that a different disposition of the case must result from a correction of that defect. The Chapter 13 trustee's motion for reconsideration does not meet this standard. All of the issues raised by the Chapter 13 trustee's motion for reconsideration were already ruled upon by the Court either expressly or by reasonable implication. The Court considers that ruling sound, and is not persuaded that the Chapter 13 trustee's motion provides a basis for reconsideration under L.B.R. 9024-1(a)(3). Accordingly,

**IT IS HEREBY ORDERED** that the Chapter 13 trustee's motion for reconsideration (docket entry no. 103) is denied.

.

**Signed on February 16, 2012**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**